### Blythe Township School Director's Contested Election.

*Election law—Contested election—Bond—Petitioners and sureties—Acts of May 19, 1874, and April 28, 1899—Jurisdiction.*

1. Under the Acts of May 19, 1874, P. L. 208, and April 28, 1899, P. L. 118, the bond required to be filed in an election contest must be signed by five petitioners and two sureties.

2. If such bond is signed by seven petitioners, without showing on its face who are sureties, or that there are any sureties, the bond is invalid and the court has no further jurisdiction of the contest.

3. In such a proceeding, parol evidence is not admissible to show that two of the seven signers were in fact sureties; nor is the bond amendable.

Motion to dismiss petition to contested election. Q. S. Schuylkill Co.

*R. A. Freiler,* for contestants.

*R. R. Koch, C. E. Berger* and *J. F. Mahoney,* for respondent.

KOCH, P. J., April 30, 1928.—The ground of the motion is that the petitioners "did not present to the court, within ten days of the filing of their petition, a bond signed by five petitioners and *two sureties* for the approval of the court, as is required by section 9 of the Act of May 19, 1874, P. L. 208, as amended by the Act of April 28, 1899, P. L. 118."

The Act of April 28, 1899, P. L. 118, relates to contests of school directors and others, and says that "whenever a petition to contest an election in any of said cases shall be presented to the court, it shall be the duty of said petitioners, within ten days thereafter, to file a bond signed by at least five of the said petitioners in such sum as the said court, or any judge thereof during vacation, shall designate, with sureties to be approved by the said court or judge, conditioned for the payment of all costs which may accrue in said contested election proceeding, in case the said petitioners by decree of said court shall be adjudged liable to pay said costs, and if said bond shall not be filed as herein provided, the said petition to contest the election shall be dismissed."

Upon its face the bond does not purport to have been signed by five petitioners and two sureties; it purports to have been signed by seven petitioners. It reads as follows:

"*Know all men by these presents,* That we, Michael V. Stiles, Sr., Thos. J. Hill, James D. Lewis, Charles Reynolds, Charles Krouser, William Devlin and John Tobin, of the Township of Blythe, County of Schuylkill and State of Pennsylvania, are jointly and severally bound unto the Commonwealth of Pennsylvania in the sum of One Thousand Dollars, lawful money of the United States of America, to be paid to the said Commonwealth, or its certain attorney, to which payment well and truly to be made, we do hereby jointly and severally bind ourselves and each of us jointly and severally for and in the whole, and each of our heirs, executors and administrators and every of them firmly by these presents. Sealed with our seals and dated the 7 day of December, A. D. 1927.

"*Whereas*, the above bounden obligors did on the 7 day of December, A. D. 1927, file their petition in the Court of Quarter Sessions of the Peace in and for Schuylkill County to contest the election of Richard Edwards to the office of School Director of the Township of Blythe for the term of six years.

"*Now the condition of this obligation is such*, That, if the above bounden obligors shall well and truly pay, or cause to be paid, the costs which may accrue in said contested election proceeding, in case the petitioners by decree of said court shall be adjudged liable to pay said costs, then this obligation to be void, otherwise to be and remain in full force and virtue.

"*And further*, We, and each of us, do hereby confess judgment for the amount of the above bond and authorize the entry of judgment thereon.

|  |  |
|---|---|
| MICHAEL J. STILES, SR. | [Seal.] |
| THOS. J. HILL. | [Seal.] |
| JAS. D. LEWIS. | [Seal.] |
| CHARLES REYNOLDS. | [Seal.] |
| CHARLES KROUSER. | [Seal.] |
| WILLIAM J. DEVLIN. | [Seal.] |
| JOHN TOBIN. | [Seal.] |

"Signed, sealed and delivered in presence of us.

E. J. Spelyng, J. J. Rompano."

Such a bond may be signed by any number of petitioners exceeding four, but it must be signed also by two sureties, and the bond should be in such form as to show upon its face who are the petitioners and who are the sureties. The contestants aver that Stiles, Hill, Lewis, Reynolds and Krouser are petitioners and that Tobin and Devlin are sureties, but the recital in the bond is that all the obligors are petitioners, and we cannot change the bond by evidence *aliunde*. Bonds of guardians, executors, administrators, trustees, public officers and others requiring sureties always show upon their face who are principals and who are sureties. But this bond does not purport to have any sureties whatever. It has, therefore, not been made in compliance with the law. Nor is the bond now amendable: Knoxville School Election, 274 Pa. 354; Moritz's Contested Election, 256 Pa. 537. And, since it is not amendable, it cannot be changed so as to show who are petitioners and who are sureties, even though the evidence be ready at hand to show it. The bond must show upon its face who are primarily liable and who are mere sureties, and inadvertence in preparing the bond so as to show who are principals and who are sureties is fatal. In Moritz's Contested Election, 256 Pa. 537, the bond was filed with the approval of the court, but one of the sureties had not sealed the bond, and the court allowed an "amended bond" to be filed *nunc pro tunc* to meet the objections urged against the first bond, and the contest was proceeded with. The contestant, one Stephen T. Tkach, was declared duly elected to the office of Township Commissioner of Plains Township in the County of Luzerne. The Supreme Court said: "If the bond filed by the petitioners was so far defective that it did not meet the requirements of the law, then, in refusing respondent's motion to dismiss the proceeding, the court committed error, and the order and decree of the court must be reversed." So the court below was reversed.

When the petition for this contest was presented on Dec. 7, 1927, the court directed "the petitioners to file a bond in the sum of One Thousand Dollars for the payment of costs, as required by law, with sureties to be approved by the Court." Such a bond was necessary to give the court complete jurisdiction of the contest: Miller's Contested Election, 27 Dist. R. 637. The court's

order required the bond to be prepared and signed conformably with the statute, but, through inadvertence, the order was not complied with, and thereby we have lost jurisdiction of the contest and may proceed no further.

And now, April 30, 1928, the motion is granted and the petition is dismissed, at the cost of the petitioners.

From M. M. Burke, Shenandoah, Pa.