## In re Clarion County Auditors' Report

*W. J. Geary* and *George Whitmer*, for appellants.

*R. E. Brown, Theo Wilson* and *Matthew Crawford*, for appellees.

DARR, P. J., fifty-fourth judicial district, specially presiding, June 20, 1935.—This case comes before the court on motion to quash appeal from the report of the

county auditors, and motions for leave to amend recognizance, and rules granted thereon. The right to appeal is given by article XII, sec. 1035, of The General County Law of May 2, 1929, P. L. 1278, 16 PS §1035. Part of the said section reads as follows:

"Any ten or more taxpayers of the county may, in behalf of such county, appeal from the report of its county auditors or controller to the court of common pleas . . . The appellants shall enter into recognizance, with two sufficient sureties, conditioned that the appellants shall prosecute said appeal with effect, and pay all costs that may accrue thereon in case they fail to obtain a final decision more favorable to the county than the report from which such appeal is taken."

The reasons for the motion to quash are mainly (1) that the appellants did not enter into recognizance as required by the act, and (2) that if the bond filed be regarded as a recognizance then it is defective because not signed by all the appellants. We are not required to pass upon the matter of whether the bond may be regarded as a recognizance for the reason that even if it is so considered it was not signed by "all" the appellants, and under authority of Mayo's Appeal, 315 Pa. 269, this is a fatal defect, not curable by amendment. On page 271 of the opinion in said case, the court says:

"The bond in this case was signed and sealed by ten of the appellants and one other person as 'principals' and the same eleven persons as 'sureties'. There were 28 appellants, and the act just quoted requires 'the appellants' (not merely *some* of them) to enter into recognizance as 'principals' 'with two sufficient sureties'. This was not done . . .

"The filing by appealing taxpayers, of a recognizance in manner and form prescribed by section 1035 is one of the chief props of their right to appeal from the auditors' report. This prop appellants must supply; it cannot be supplied by judicial 'liberality'."

Further in said opinion, on page 273, the court quotes

from the case of Knoxville School District, 274 Pa. 354, 355, as follows:

"We believe the act [relative to election contests] contemplates that two classes of persons should sign the bond: First, not less than five of the petitioners; second, not less than two sureties . . . It is admitted by counsel for the petitioners that if this is a defect it cannot be corrected by amendment at this time. This is not a question of the sufficiency of the security; it is a question only of the literal compliance with the terms of the act of assembly'."

The motions to amend were presented six months after the filing of the appeals, and we think too late to cure what we would consider a jurisdictional defect.

And now, June 20, 1935, for reasons given in the foregoing opinion, the motions for leave to amend are refused and the rule discharged; the motion to quash the appeal is granted and the rule made absolute.

From Merritt H. Davis, Clarion.