# Moritz's Contested Election.

*Bonds—Surety bonds—Seals—Necessity of seal.*

1. A bond is a deed. What makes it a deed is the fact that it is sealed by the obligor; except as sealed, it is not a bond.

*Elections—Election contests—Jurisdiction of court—Time for filing bond—Amendment after time for filing.*

2. The Act of April 28, 1899, P. L. 118, providing in effect that when a petition to contest an election shall be presented it shall be the duty of the petitioners within ten days thereafter to file a bond signed by at least five of the petitioners contemplates the filing of an instrument under seal. A paper purporting to be a bond but not sealed does not comply with the statute; it is not material that the seal was omitted through inadvertance and the defect cannot be cured by amendment after the time for the filing of a bond has expired.

3. In order to give the Quarter Sessions Court jurisdiction to hear and determine questions raised by a petition for an election contest it is essential that a bond should be filed within ten days after the filing of the petition. A paper providing that protection

which the statute intended to secure, but not under seal, does not furnish the requisites to give the court jurisdiction of the petition, and although such paper has been filed within ten days after the filing of the petition, the petition should be dismissed at the expiration of the ten days if no obligation under seal has been filed. In such case the court has no jurisdiction to make an order permitting the filing of an amended bond after the expiration of ten days from the filing of the petition.

Argued Jan. 5, 1917. Appeal, No. 348, Jan. T., 1916, by Louis F. Moritz, from order of Q. S., Luzerne Co., November Sess., 1915, No. 324, on petition for an election contest, In re Contested Election of Louis F. Moritz to the Office of Township Commissioner in and for the Tenth Election District of Plains Township. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Petition for an election contest. Before STRAUSS, J.

The opinion of the Supreme Court states the facts.

The court granted the petition and found that Stephan Tkach was elected to the office of township commissioner for the tenth elective district of Plains Township and directed that he exercise the duties of his office and that Louis F. Moritz should no longer exercise them. Louis F. Moritz appealed.

*Error assigned*, among others, was the order of the court.

*John C. Bell*, with him *A. P. Conniff* and *Abram Salsbury*, for appellant.

*John T. Lenahan*, with him *John J. O'Donnell* and *Evan C. Jones*, for appellee.

OPINION BY MR. JUSTICE STEWART, February 26, 1917:

At the general election held November 2, 1915, Louis F. Moritz, the appellant, was returned elected to the of-

fice of township commissioner in and for the tenth election district of Plains Township in the County of Luzerne, by a majority of one over the vote cast for the opposing candidate.   On the 29th of November following a petition to contest the election was filed, in which it was alleged that upwards of thirty illegal votes had been cast, counted and returned at said election for the said Louis F. Moritz, and that upwards of sixty-one legal votes had been cast for Stephan Tkach for said office, whereas only fifty-five were returned as having been cast for him.   Thereupon the court ordered bond to be filed by the petitioners in the sum of $500.   On the 8th of December, 1915, the petitioners attempted, in compliance with said order, filed what purported to be a bond which was on the same day approved by the court.   A motion was made on behalf of Moritz to dismiss the petition on the ground that the instrument filed did not meet the requirements of the Act of April 28, 1899, P. L. 118, under the provisions of which the proceeding to contest had been instituted.   On January 17th, the court made an order permitting an "amended bond" to be filed to meet the objections urged against the first.   Such "amended bond" was filed 24th of October, 1916, nunc pro tunc.   An answer having meanwhile been made to the petition for contest denying many of the material averments in the petition, and charging, among other things, that a still larger number of illegal votes had been cast at the election, counted and returned for Stephan Tkach.   The court thereupon proceeded with its investigation to ascertain the electoral qualifications of the several persons charged in petition and answer with having voted illegally at said election, with the result, that upon the courts revision of the vote Stephan Tkach was declared to have received three more votes than Louis F. Moritz, and the former declared to have been duly elected to the office of commissioner.

The appeal raises several questions, one of which, encountered at the very threshold, we regard as control-

ling; and therefore to that we may confine our attention. If the bond filed by the petitioners was so far defective that it did not meet the requirements of law, then in refusing respondent's motion to dismiss the proceeding, the court committed error and the order and decree of the court must be reversed. How far short of meeting these statutory requirements does the obligation come which was originally filed in this proceeding and approved? That it was irregular and defective in several particulars is conceded, but the contention is made that, notwithstanding these, it was a binding obligation, enforceable at law, and being therefore adequate for the accomplishment of the legislative purpose, it was the full equivalent of the security required by the terms of the statute and called for approval by the court. While we have no distinct ruling on the question here suggested, it is apparent that the court was not willing to yield its assent to the contention of the appellee, inasmuch as the disposition finally made was an order allowing the contestants to amend the obligation that had been filed and approved. Waiving all other defects and irregularities apparent in the obligation, it will be quite sufficient to a proper determination of the case if we confine our attention to the single fact that the instrument propounded was unsealed. What significance is to be attached to this circumstance? Is it a mere formal irregularity, or is it a fatal defect? If not more than was allowed by the court, then the approval of the original instrument must stand, and the amended bond filed some months later may be dismissed from consideration as entirely superfluous. The learned presiding judge, in his opinion filed, thus disposes of the question, "It—the obligation filed—contains certain internal evidence of an intention to execute a sealed paper, but through inadvertence, both on the part of the obligors and their attorneys as well, as on the part of the court, in approving 'the within bond' and ordering it to be filed, the paper passed muster in a defective form. But though not a

specialty it provided the protection which the statute intended to obtain. The objection therefore to the bond, being of a highly technical nature, we have, after consultation with colleagues, concluded to allow the amendment." This was ordered 17th of January, 1917. It is a matter of no concern in this inquiry upon whom rested responsibility for the filing of the unsealed instrument; it is the legal effect of the filing of an unsealed obligation, without attempt to alter or amend the same until after the limit in time for the filing such bond as the statute requires, had expired, that concerns us.

The plain requirement of the statute is that within ten days after filing the petition for contesting the election, the petitioners for the contest shall file a bond signed by at least five of them in such sum as the court may designate. The filing of such bond within this time limit is made not only a condition of the petitioners' right to proceed with their contest, but a condition as well of the court's jurisdiction to hear and determine the contest. The provision is not only plain with respect to the essential character of the security to be given, but mandatory that except the prescribed bond be filed within ten days after the filing of the petition to contest, the court shall dismiss the petition. Once the petition is dismissed, agreeably to this provision, the case is at an end, and no power remains in the court to reinstate it. We must assume that the legislature in prescribing a bond as a condition in such proceeding had in mind those characteristics which distinguish bonds from other acknowledgments of indebtedness or liability, as well the separate legal incidents which attached to each. A bond is a deed, and what makes it a deed is the fact that it is sealed by the obligor. Except as sealed it is not a bond. In this State we have never abated one jot in our strict observance of this distinction. "Sealing and delivering" says TILGHMAN, C. J., in Taylor v. Glaser, 2 S. & R. 502,—a case tried more than one hundred years ago— "is still the criterion of a specialty; and it is important

that the distinction between specialties and writings not specialties should be preserved in the courts. If it should be thought that in the present state of society it would be best to put all writings on the same footing, the legislature alone has the power to accomplish it." This was said in a case where the instrument over which the controversy arose concluded with this express acknowledgment, "in testimony whereof we have hereunto set our hand and affixed our seals" and over the names of the attesting witnesses was written "sealed and delivered in the presence of," yet because there was no seal nor anything in the place of a seal opposite the name of the party, the instrument was held not be a specialty. There has been no departure from the law as here declared; the only relaxation, as said by TILGHMAN, C. J., in the opinion filed in the above case, was in the manner of making the seal. There has been slight, if any, further relaxation from that date to this. The only question therefore in the case must be whether the legislature had in mind this clear distinction between sealed and unsealed obligations when it passed the governing act. That it had, we have a right to assume; and even were it otherwise, the question is too plain to call for discussion. Our conclusion is that the unsealed instrument that was here propounded was not such an obligation as the statute required, and no correction having been made therein to make it conform to the statute within the period allowed by the statute, the motion to dismiss the petition should have prevailed. And further, that the court erred in granting leave to amend after the time within which the petitioners were allowed to file bond had expired. The jurisdiction of the court to take cognizance of the proceeding in any way after such time had arrived, when, with or without motion to that effect, it was the prescribed duty of the court to dismiss the petition, was at an end. The decree of the court is reversed.