# Knoxville School District Election.

*Election law—Bond in contest—Signatures — Sureties — Petitioners—Act of April 28, 1899—Amendment—Time.*

1. The Act of April 28, 1899, P. L. 118, requires that a bond in an election contest shall be signed by at least five of the petitioners for the contest, and by at least two sureties.

2. A bond signed by six petitioners and by one other person is not sufficient.

3. The act contemplates that the petitioners shall be required to obtain the signature of not less than two persons, not interested in the contest as petitioners, who are willing to sign as sureties.

4. Such a bond cannot be amended after lapse of the time within which it must be filed.

Argued May 8, 1922. Appeal, No. 400, Jan. T., 1922, by Mrs. Frances Mattison et al., from order of Q. S. Tioga Co., Sept. T., 1921, No. 40, dismissing proceedings to contest election in matter of General Election of the School District of Knoxville. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Motion to quash petition to contest election. Before CHANNELL, P. J.

The opinion of the Supreme Court states the facts.

Proceedings dismissed. Mrs. Frances Mattison et al., petitioners, appealed.

*Error assigned,* inter alia, was order, quoting it.

*Walter Sherwood* and *G. Mason Owlett,* for appellant, cited: Ross v. Espy, 66 Pa. 481; Slack v. Kirk, 67 Pa. 380; Shadley v. Schultz, 20 Pa. Dist. R. 643.

*Francis E. Watrous* and *Howard F. Marsh, T. A. Critchton* and *Chester H. Ashton,* for appellee, were not heard.

PER CURIAM, May 25, 1922:

This is an appeal from an order dismissing a proceeding to contest an election. We affirm on the following excerpts from the opinion of the court below: "On November 26, 1921, a bond [in connection with the petition to contest] was filed and approved by the court in pursuance of the Act of April 28, 1899, P. L. 118. On December 12, 1921, a motion was presented by counsel for the respondent, asking the court to quash the petition in this case for the reason [inter alia] that the bond filed does not have sureties as required by the act......We find upon inspection that the bond as filed is signed by six of the original petitioners and by D. W. Bonear. The names of the signers do not appear in the body of the bond, and there is nothing upon the record that indicates who are to be regarded as the sureties. The act of assembly in reference in the bond reads as follows: 'within ten days thereafter to file a bond signed by at least five of the said petitioners in such sum as the said court, or any judge thereof during vacation, shall designate, with sureties to be approved by the said court or judge, etc.' It is contended by......respondent that this bond cannot be regarded as having been signed by more than one surety, and that the act of assembly requires two. It is contended on behalf of petitioners that six of the original petitioners have signed the bond, and that the sixth one should be regarded as a surety as well as D. W. Bonear, who is not one of the petitioners. We should be glad to adopt this reasoning, if we believed the act of assembly allowed it; but we cannot come to that conclusion. We believe the act contemplates that two classes of persons should sign the bond: First, not less than five of the petitioners; second, not less than two sureties, since the term 'sureties' contemplates more than one......It is admitted by counsel for the petitioners that if this is a defect it cannot be corrected by amendment at this time. This is not a question of the sufficiency of the security; it is a question only of the literal compliance with the

terms of the act of assembly, and we cannot escape the conviction that the legislature intended the petitioners should be required to obtain the signatures of not less than two persons,......not interested in the contest as petitioners, who are willing to sign as sureties. We have examined a large number of definitions of the term 'surety,' and all of them seem to contemplate that a surety is not one who is primarily bound......We believe this act of assembly must be construed, as applying to this case, as if it read, that the bond must be signed by at least [five] of the petitioners, with sureties. Otherwise it would seem to follow logically that it could be successfully contended that a bond signed by seven of the petitioners, if approved by the court, was a compliance with the act of assembly. We do not believe that such a construction of the act could be sustained......
As to the question of......right to amend, we believe the case of Moritz's Contested Election, 256 Pa. 537, denies the right."

The order is affirmed.