## Burns's Contested Election.

Argued March 21, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Clyde A. Armstrong,* with him *J. Edward Mitinger,* for appellants.

*Charles C. Crowell,* with him *Howard H. Whitehead, Daniel V. Crowell, Philip K. Shaner* and *Louis Claster,* for appellee.

OPINION BY MR. JUSTICE DREW, April 9, 1934:

At the general election held November 7, 1933, Daniel Burns was returned elected to the office of mayor of the City of New Kensington. A number of voters of the city filed a petition to contest his election, whereupon the court below set a date for hearing, and ordered that a bond conditioned for the payment of costs be filed by the petitioners within ten days, as required by the Act of May 19, 1874, P. L. 208, as amended by the Act of April 28, 1899, P. L. 118. When the case came on for hearing, respondent moved to dismiss the petition and discharge the rule granted thereon, for the reason that the purported bond which had been filed was not under seal. After argument, the court granted the motion, and this appeal followed.

The sole point now in issue is whether the instrument filed by appellants was properly executed, and the only objection raised to it is that it is not under seal. If this be true, and if the omission is sufficient to destroy its validity as a bond, the decree of the court below must

be affirmed, for it is not controverted that a proper bond must be filed in order to give the court jurisdiction to hear and determine the questions raised in the petition, and that the statutory period in which the bond might be amended had expired before the motion to dismiss was made.

Appellants' first contention is that the instrument filed as a bond is, in fact, sealed. Relying upon Hacker's App., 121 Pa. 192—in which we held that a dash less than an eighth of an inch long, following the signature to a will, was a seal, since it appeared from the face of the instrument that such was the intention of testatrix—appellants claim that there are certain dots and flourishes accompanying the signatures on this bond, which may be taken as seals. Unfortunately for appellants' contention, the only dots disclosed by a careful examination of the paper filed are integral parts of the signatures which they accompany, and no name bears any unusual flourish. As we said in the cited case, "The mere fact that in the testimonium clause the testatrix states that she has affixed her hand and seal, is insufficient to constitute the instrument a writing under seal, if in fact there be no seal; but if there be any mark or impression which might reasonably be taken for a seal, this statement of the testatrix will certainly afford the strongest evidence that the mark was so intended. In Taylor v. Glaser, [2 S. & R. 502] there was nothing but a flourish of the pen below the signature, and it was offered to be shown that this accompanied Glaser's ordinary signature. There was nothing on the face of the paper, which, in the opinion of the court, the obligor could have intended for a seal." The same words aptly fit the instant situation; here, too, there is nothing on the face of the instrument which the obligors could have intended as a seal. Appellants' assertion that the instrument filed as a bond is under seal lacks foundation in fact, and it must therefore be rejected.

On this state of facts, the case of Moritz's Contested Election, 256 Pa. 537, is conclusive. As Justice STEWART, whose language is equally applicable to the instant case, there said, "The plain requirement of the statute is that within ten days after filing the petition for contesting the election, the petitioners for the contest shall file a bond signed by at least five of them in such sum as the court may designate. The filing of such bond within this time limit is made not only a condition of the petitioners' right to proceed with their contest, but a condition as well of the court's jurisdiction to hear and determine the contest. The provision is not only plain with respect to the essential character of the security to be given, but mandatory that except the prescribed bond be filed within ten days after the filing of the petition to contest, the court shall dismiss the petition. Once the petition is dismissed, agreeably to this provision, the case is at an end, and no power remains in the court to reinstate it. We must assume that the legislature in prescribing a bond as a condition in such proceeding had in mind those characteristics which distinguish bonds from other acknowledgments of indebtedness or liability, as well as the separate legal incidents which attached to each. A bond is a deed, and what makes it a deed is the fact that it is sealed by the obligor. Except as sealed it is not a bond. In this State we have never abated one jot in our strict observance of this distinction." Appellants concede that this case is, on its face, determinative of the question now presented, and that, if it is followed, the order of the court below must be affirmed. They contend, however, that so far as the holding that a seal is an essential feature of a bond is concerned, the case should now be overruled and declared no longer to represent the law. This we are not disposed to do.

Specifically, appellants argue that the legislature has recognized the employment of seals to be an obsolete common-law usage, and has changed the law of the Commonwealth by eliminating the necessity of seals on con-

veyances and certain other documents. Therefore, they say, the court should now "take the necessary steps to abolish the absurd distinction between attaching and not attaching a seal to an instrument," and decree that a seal is no longer necessary to a bond. While this argument that the seal is today an anachronism is not wholly devoid of force, we cannot agree that it is for us to make the change. Admittedly, the legislature has not done so; the three statutes to which appellants point do not pretend to remove the requirement that a bond be under seal. Thus, the Act of April 30, 1925, P. L. 404, and the Act of May 12, 1925, P. L. 582, relate solely to deeds or conveyances of land. The other statute referred to, the Uniform Written Obligations Act of May 13, 1927, P. L. 985, does not even mention seals, but merely eliminates the defense of absence of consideration where a claim is based upon a written promise and the writing contains an additional express statement that the signer intends to be legally bound. The legislature has not seen fit to dispense with the necessity of a seal affixed to a bond—and thus change the law which has existed ever since the founding of the Commonwealth—and it is not for us to disturb so well settled a rule. As Chief Justice TILGHMAN said over a hundred years ago in Taylor v. Glaser, supra, "Sealing and delivering is still the criterion of a specialty; and it is important that the distinction between specialties and writings not specialties should be preserved in the courts...... If it should be thought that, in the present state of society, it would be best to put all writings on the same footing, the legislature alone has power to accomplish it." We conclude, therefore, that until such time as the legislature, in its wisdom, shall declare otherwise, "A seal is of the essence of a bond, and no writing can have the qualities which attach to a bond without the seal of the parties executing it": Huron Leather Co. v. Sklar, 101 Pa. Superior Ct. 534.

The order of the court below is affirmed at appellants' cost.