## Mayo's Appeal.

Argued April 24, 1934. Before FRAZER, C. J., SIMP-SON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*W. N. Conrad,* for appellants.

*Raymond E. Brown, J. C. Long, Charles J. Margiotti, Alex S. Scribner, Edward Friedman, Matthew A. Craw-ford* and *Harold C. Shannon,* for appellees.

OPINION BY MR. JUSTICE MAXEY, May 24, 1934:

This is an appeal by 28 taxpayers of the County of Jefferson, from the report of the county auditors for the year 1932. The appeal was taken under the General

County Law, section 379, article IV, of the Act of May 2, 1929, P. L. 1278 (16 P. S., sec. 379), and within the ninety days required by law. Concurrently therewith a bond was filed in the penal sum of five hundred dollars. On August 9, 1933, two months later, a rule was awarded, "directed to all the parties in interest" to show cause why the appeal should not be sustained and why issues should not be awarded to try certain questions presented in the petition for issue. On August 19th, a motion to quash and dismiss the appeal was presented to the court. This motion attacked the regularity of the appeal and the petition for direction of issues and the bond filed. The first, second, and third reasons in the motion to quash and dismiss the appeal related to the appellant's failure to enter into recognizance, with two sufficient sureties as required by section 1035 of the Act of May 2, 1929, supra, 16 P. S., section 1035.

Section 1035 of the act provides as follows: "Any ten or more taxpayers of the county may, in behalf of such county, appeal from the report of its county auditors or controller to the court of common pleas, or prosecute any suit or action in behalf of said county, or defend such county in any suit, process or action now pending, or that may be brought against such county, by appeals from county auditors' or controllers' reports or otherwise. If no appeal is entered by county officials, the appeal by such taxpayers shall be entered within ninety days after the filing of such report in the court of common pleas. *The appellants shall enter into recognizance, with two sufficient sureties, conditioned that the appellants shall prosecute said appeal with effect, and pay all costs that may accrue thereon in case they fail to obtain a final decision more favorable to the county than the report from which such appeal is taken.* [Italics supplied.] In all such appeals, the courts of common pleas may direct an issue to be tried by a jury, upon whose verdict final judgment shall be entered, reserving the right of all parties to appeal to the Supreme Court as

provided in other appeals. Before said taxpayers shall be permitted to come into court and prosecute any suit or action, or defend the county in any suit, process or action, they shall present to the court a petition, signed by them, accompanied by an affidavit of one of their number, that they believe injustice will be done such county unless they are permitted to defend. Said taxpayers shall, whenever the court shall deem it necessary, file in said court of common pleas a bond, with one or more sufficient sureties to be approved by said court, to indemnify and save harmless said county from all costs that may occur in said suit, process or action subsequent to filing said petition."

The bond in this case was signed and sealed by ten of the appellants and one other person as "principals" and the same eleven persons as "sureties." There were 28 appellants, and the act just quoted requires "the appellants" (not merely *some* of them) to enter into recognizance as "principals" "with two sufficient sureties." This was not done. The bond itself recites that the "appellants having appealed......come into court with ......their sureties......" The bond, however, is only signed by ten of the appellants as "principals," and they assume the dual role of principal and surety. One Clarence Markle (not an appellant) also signs both as principal and surety. The mandate of section 1035 of the General County Law was thus "more honored in the breach than in the observance."

Our attention is called to an excerpt from the opinion of this court in the case of In re Auditors' Report, 245 Pa. 17, 23, 91 A. 517, as follows: "When taxpayers are compelled to invoke the authority of the act to secure an investigation of the official conduct of public officers charged with the administration of the fiscal affairs of the county, the court should not be astute in finding technical reasons to defeat the purpose." The reasons invoked in the present case to frustrate the appeal of the taxpayers are not technical but substantial and are so

obvious that they do not require "finding." The filing
by appealing taxpayers, of a recognizance in manner and
form prescribed by section 1035 is one of the chief props
of their right to appeal from the auditors' report. This
prop appellants must supply; it cannot be supplied by
judicial "liberality." Proceedings under the empower-
ing act here are analagous to proceedings in election con-
tests under the Act of April 28, 1899, P. L. 118. In dis-
cussing the basic procedural requirements of an election
contest, in Knoxville School Dist., 274 Pa. 354, 355, 118
A. 307, we quoted with approval the following excerpt
from the opinion of the court below in that case: "On
November 26, 1921, a bond [in connection with the peti-
tion to contest] was filed and approved by the court in
pursuance of the Act of April 28, 1899, P. L. 118. On
December 12, 1921, a motion was presented by counsel
for the respondent, asking the court to quash the peti-
tion in this case for the reason [inter alia] that the bond
filed does not have sureties as required by the act......
We find upon inspection that the bond as filed is signed
by six of the original petitioners and by D. W. Bonear.
The names of the signers do not appear in the body of the
bond, and there is nothing upon the record that indicates
who are to be regarded as the sureties. The act of as-
sembly in reference in the bond reads as follows: 'within
ten days thereafter to file a bond signed by at least five
of the said petitioners in such sum as the said court, or
any judge thereof during vacation, shall designate, with
sureties to be approved by the said court or judge, etc.'
It is contended by......respondent that this bond can-
not be regarded as having been signed by more than one
surety, and that the act of assembly requires two. It is
contended on behalf of the petitioners that six of the
original petitioners have signed the bond, and that the
sixth one should be regarded as a surety as well as D. W.
Bonear, who is not one of the petitioners. We should be
glad to adopt this reasoning if we believed the act of

assembly allowed it, but we cannot come to that conclusion. We believe the act contemplates that two classes of persons should sign the bond: First, not less than five of the petitioners; second, not less than two sureties, since the term 'sureties' contemplates more than one. ...... It is admitted by counsel for the petitioners that if this is a defect it cannot be corrected by amendment at this time. This is not a question of the sufficiency of the security; it is a question only of the literal compliance with the terms of the act of assembly, and we cannot escape the conviction that the legislature intended the petitioners should be required to obtain the signatures of not less than two persons,......not interested in the contest as petitioners, who are willing to sign as sureties. We have examined a large number of definitions of the term 'surety,' and all of them seem to contemplate that a surety is not one who is primarily bound. ...... We believe this act of assembly must be construed, as applying to this case, as if it read that the bond must be signed by at least [five] of the petitioners, with sureties. Otherwise it would seem to follow logically that it could be successfully contended that a bond signed by seven of the petitioners, if approved by the court, was a compliance with the act of assembly. We do not believe that such a construction of the act could be sustained...... As to the question of......right to amend, we believe the case of Moritz's Contested Election, 256 Pa. 537 [100 A. 1033], denies the right."

The logic of that decision controls the question presented here. It is as true here as it was there that "this is not a question of the sufficiency of the security; it is a question only of the literal compliance with the terms of the act of assembly." The recognizance now challenged was not approved by the court. It could not be except in defiance of the controlling statute. The latter commands the appellants to enter into a recognizance with two sureties, as a prerequisite of further action.

The appellants having ignored this command, we are powerless to aid them.

The other assignments of error need not be discussed. The judgment is affirmed.