## Gilmore, Executrix, v. Kessler

*Otto G. Kaupp, Cummings & Gubin,* for plaintiff.
*Richard H. Klein,* for defendant.

MORGANROTH, P. J., December 3, 1934.—A. R. Gilmore's executrix brought an action in assumpsit on a note signed by the defendant, which reads: "On February 27; 1934, for value received, I promise to pay to A. R. Gilmore, his executors, administrators, or assigns, the sum of $5,000." Then followed a pledge of a certificate for shares of the capital stock of a gravel company, as collateral security, and authorization to the holder of the note to sell the collateral if the note be not paid at maturity. The note concludes: "And should any balance remain unpaid, I further promise and agree to pay the same to the holder hereof on demand." The signature of the defendant is without seal.

Defendant filed an affidavit of defense raising questions of law, and contends that the note is not a negotiable instrument for the reason that it was not payable to order or bearer and is not under seal, and therefore the statement of claim does not set forth a good cause of action because no consideration is averred.

We agree with the learned counsel's statement in his argument that this might seem to be a rather unusual position to take where suit is brought on a note, and find the position not only unusual but untenable, in view of the Uniform Written Obligations Act of May 13, 1927, P. L. 985, which has been declared not unconstitutional for indefiniteness of title, or because it does not embrace negotiable instruments, in Balliet v. Fetter, Exec., 314 Pa. 284. The act provides that a written promise signed by the person promising shall not be invalid or unenforceable for lack of consideration, if the writing also contains an additional express statement, in any form or language, that the signer intends to be legally bound. Here, after an express promise to pay, the maker of the note further promised and agreed to pay any unpaid balance to the holder of the note on demand.

. . ."the Uniform Written Obligations Act of May 13, 1927, P. L. 985, does not even mention seals, but merely eliminates the defense of absence of consideration where a claim is based upon a written promise and the writing contains an additional express statement that the signer intends to be legally bound." Burns' Contested Election, 315 Pa. 23, 27.

And now, December 3, 1934, the affidavit of defense raising questions of law under section 20 of the Practice Act of 1915 is overruled, with leave to defendant to file his affidavit of defense to the averments of the plaintiff's statement within 15 days after notice of the filing of this opinion.