## McChesney's Contested Election.

Submitted March 23, 1937.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*William S. Rial, Alex McConnell* and *H. E. Marker, Jr.,* for appellant.

*Charles C. Crowell, Howard H. Whitehead* and *Daniel V. Crowell,* for appellee.

OPINION BY MR. JUSTICE BARNES, May 27, 1937:

This is an appeal from an order dismissing proceedings to contest the election of Harry D. McChesney to the office of township supervisor of Salem Township, Westmoreland County. A petition was filed in the court below, signed by fifty-six of the electors of the township, and sworn to by eight of them, alleging that at the election held on November 5, 1935, illegal votes for Harry D. McChesney were received in sufficient number to render void his election to the office of township supervisor.

The court below on November 29, 1935, entered a decree directing that a hearing be held on the following December 16th, for the purpose of determining whether the certificate of election of McChesney should be cancelled. The order directed that notice of the contest be served upon McChesney, at least ten days in advance of the date set for hearing, and further provided ". . . that a bond in the sum of $1,000 as required by law be filed in these proceedings within ten days from the filing of the above petition."

The petition and the order entered thereon were filed with the court on December 3, 1935, on which day there was presented a bond in the sum of $1,000, executed by five persons who were petitioners in the proceeding, and by five other persons as sureties. A decree was then entered December 3, 1935, approving the bond and ordering it to be filed. McChesney filed an answer denying the allegations of the petition that illegal votes were cast for his election.

J. M. Baker, one of the persons who signed as *surety on the bond* was also one of the parties to the *petition* for the election contest, although this fact was not known to the court at the time it approved the bond. The defendant, McChesney, becoming aware that J. M. Baker was both petitioner and a surety in the proceeding, moved on December 16, 1935, for the dismissal of the petition to contest his election, upon the ground that the bond, with Baker as a surety thereon, was not in conformity with the requirements of Section 9 of the Act of May 19, 1874, P. L. 208, as amended by the Act of April 28, 1899, P. L. 118.* He also averred that the time had expired (ten days, under the statute) within which an amended bond might be filed.

The court below, after argument, decided that the petition for the election contest must be dismissed, and from the order accordingly entered this appeal is taken.

This Court has decided that under the provisions of the Act mentioned a petitioner for an election contest may not sign the bond for costs as one of the sureties. There can be no doubt that in the present case J. M.

---

* The Act reads in part: "Whenever a petition to contest an election . . . shall be presented to the court, it shall be the duty of said petitioners, within ten days thereafter, to file a bond signed by at least five of the said petitioners in such sum as the said court . . . shall designate, *with sureties* to be approved by the said court, or judge, conditioned for the payment of all costs . . . and if the said bond shall not be filed, as herein provided, the said petition to contest the election shall be dismissed."

Baker was disqualified as a surety, and the bond should not have been signed by him in that capacity: *Knoxville School Dist. Election,* 274 Pa. 354; *Mayo's Appeal,* 315 Pa. 269; *Ferguson's Appeal,* 316 Pa. 289. This restriction was clearly stated in the case of *Knoxville School Dist. Election,* supra, (p. 355) where it is said: "We believe the act contemplates that *two classes of persons* should sign the bond; First, not less than five of the petitioners; second, not less than two sureties, since the term 'sureties' contemplates more than one .... and we cannot escape the conviction that the legislature. intended the petitioners should be required to obtain the signatures of not less than two persons ... *not interested in the contest as petitioners,* who are willing to sign as sureties." This ruling has been approved and followed in the later cases dealing with this question. The filing of a bond which conforms to the requirements of the Act of Assembly and within the time prescribed is a condition precedent not only of the petitioners' right to proceed with the election contest, but also of the court's jurisdiction to hear and determine the contest.

In our opinion the bond here filed was irregular, and the court below had no alternative but to dismiss the petition: *Moritz's Contested Election,* 256 Pa. 537; *Burns's Contested Election,* 315 Pa. 23. It follows also that upon the expiration of the ten days specified in the statute the defect in the bond could not then be cured by amendment, nor had the court jurisdiction at such time to permit the filing of an amended bond: *Moritz's Contested Election,* supra (p. 542); *Knoxville School Dist. Election,* supra, (p. 356).

It is urged, however, that the decisions mentioned are not controlling in the present case, because the elimination of Baker as a surety would leave four sureties remaining, two in excess of the minimum number required by law. Accordingly, it is argued, Baker's signature is surplusage, and may be disregarded without affecting

the validity of the bond. We cannot agree with this contention, for it ignores the provisions of the act, which vests in the court the sound discretionary power to fix the amount of the bond, and to pass upon the eligibility of the sureties. It cannot be said to what extent the court may have relied upon the responsibility of J. M. Baker in passing upon the justification of the sureties upon this bond.

As pointed out, when the court below approved the bond, it was not informed that Baker, a surety upon the bond, was also one of the petitioners for the election contest. Therefore, the court's approval was given under a misapprehension of a material fact. Had the court been aware of Baker's dual capacity in the proceeding, it undoubtedly would have required that his name be stricken from the bond before giving approval, or have insisted upon the production of another surety to replace him, if it had reason to believe that the remaining sureties were insufficient. It was not in the contemplation of the court at the time it approved the bond that an obligation with four sureties was tendered.

Under these circumstances it cannot be said that the dismissal of the petition by the court below was an improper exercise of its discretionary power, as the irregularity in the bond filed by the petitioners was sufficient to justify the court in holding that it did not satisfy the requirements of the Act of Assembly.

The order dismissing the petition to contest the election is affirmed. Costs to be paid by appellant.