## Miller Election Contest Case.

Argued Dec. 5, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Louis C. McCabe,* with him *Cletus C. Kilker,* and *Cyril C. Kilker,* for appellants.

*Robert T. McCracken,* with him *Raymond A. Livingston* and *E. Eugene Eves,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, March 19, 1945:

These proceedings were begun by virtue of a petition presented to the court below contesting the election of Fred E. Lord and Grant G. Miller to the office of County Commissioner of Columbia County. A bond with corporate surety was filed in support of the petition. Appellants filed a motion to quash and dismiss the proceedings for the reasons, inter alia, that the bond was improper because (1) it referred to a proceeding contesting the election of the defeated candidates rather than the successful candidates, and (2) the power of attorney attached to and filed with the bond had been altered in that there had been inserted therein the words "and" and "contested". This appeal is from the decree of the court below denying the motion to quash the petition and holding that Grant G. Miller, Raymond G. Buckalew, and Bryson C. Longenberger were the "three candidates for the office of county commissioners receiving the highest number of legal votes at the general election held November 2, 1943".

This petition was filed pursuant to the Act of 1937, P. L. 1333, and the bond filed pursuant to section 1759 of said Act, 25 P.S., section 3459. That section of the Act provides "Whenever a petition to contest . . . election of any class, shall be presented . . . to the court, it shall be the duty of said petitioners, within five days thereafter, to file a bond, signed by at least five of the said petitioners in such sum as . . . said court . . . shall designate, with two or more individual sureties or a corporate surety to be approved by the said . . . court or judge, conditioned for the payment of all costs which may accrue in said contested . . . election proceeding,

in case the said petitioners by decree shall be adjudged liable to pay said costs, and if the said bond shall not be filed, as herein provided, the said petition to contest the . . . election shall be dismissed."

The contest of an election is a remedy given to the people when the expression of their choice of a public officer has been frustrated by fraud or mistake. Statutes providing this remedy must be construed with a view to protect the elective franchise: *Cole's Election,* 223 Pa. 271, 274; *Pazdrak's Contested Election,* 288 Pa. 585, 589. It is nevertheless true that compliance with the statute must be had to effect a proper use of the remedy thus provided. Particularly is this true with regard to a proper bond: *McChesney's Contested Election,* 326 Pa. 438; *Burns's Contested Election,* 315 Pa. 23; *Loftus, Admr., v. Miners Nat. Bank,* 308 Pa. 362; *Moritz's Contested Election,* 256 Pa. 537. In the instant case the "whereas" clause of the bond referred to "a contest of the election of Bryson C. Longenberger and Raymond G. Buckalew as county commissioners for Columbia County". The condition of the bond provided "NOW THE CONDITION OF THIS OBLIGATION IS for the payment of all costs which may accrue in said contested election proceeding in case the said petitioners by a Decree shall be adjudged liable to pay said costs, then this bond to remain in full force and virtue, otherwise be void and of non effect." The condition is virtually a recitation of the terms of the statute requiring the bond. The caption of the bond is "IN RE: ELECTION OF COUNTY COMMISSIONERS IN AND FOR COLUMBIA COUNTY, PENNSYLVANIA" and refers to the term and number of the case. There can be no doubt to which proceeding the bond refers. The identity of the principals is clear, both from the terms of the bond and their signatures. We are of opinion that the court below properly held that there was compliance with the statutory requirement and a satisfactory bond had been filed.

The power of attorney prior to any alteration authorized the attorney-in-fact to execute a bond for the

payment of all costs which may accrue should petitioners be by decree adjudged liable to pay the costs in the contested election proceeding. Appellant contends, however, that but for the insertion of the words "and" and "contested" the attorney-in-fact was authorized only to execute a bond with regard to the opening of ballot boxes. The power of attorney without the interlineation read as follows: "Conditioned: for the opening of ballot boxes In Re: Election of County Commissioners in and for Columbia County, Pennsylvania." This power of attorney was sufficiently broad to authorize an execution of the bond in question, and the inserted words, regardless of how they may be considered, whether properly or improperly written in, do not effect any change in the power of the attorney-in-fact. Whether they be considered an integral part of the bond or mere surplusage, the conclusion remains unchanged for a material alteration made by a third person does not effect a discharge, and recovery may be had on a bond according to its original tenor: *Bowman v. Berkey*, 259 Pa. 327.

The decree of the court below is affirmed. Costs to be paid by appellant.