Birmingham Township Election Contest Case.

Argued April 30, 1958. Before JONES, C. J., MUS-
MANNO, ARNOLD, JONES and COHEN, JJ.

*Dallett Hemphill,* with him *Samuel Lichtenfeld,* for
appellants.

*Robert S. Gawthrop,* with him *Gawthrop & Green-
wood,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, June
30, 1958:

This appeal challenges the validity of an order of
the Court of Common Pleas of Chester County dismiss-
ing an election contest proceeding.

At a municipal election held on November 5, 1957
in Birmingham Township, Chester County, there were
three candidates for school director, two to be elected:
Frederick J. Wolter, a Democrat, and Robert Earl
Barnett and Phoebe S. Wylie, both Republicans. The
official count of the County Board of Election and a
recount conducted under supervision of the court both
indicated that Robert Earl Barnett and Phoebe S.
Wylie had received the highest number of votes for the
office of school director.

On behalf of Frederick J. Wolter a petition for an election contest under the Election Code[1] was filed wherein it was alleged that the local election board had counted certain ballots which should have been declared void and, if such ballots had not been so counted, Wolter would have received the second highest number of votes and would have been elected in place of Phoebe S. Wylie. Upon presentation of this petition the court below issued a rule directing that Robert Earl Barnett and Phoebe S. Wylie answer the contest petition and, further, directed that a bond be filed by the petitioners. In accordance with this court order, a bond signed by five of the petitioners with a sufficient surety was filed. One "Dorothy Wolter" signed the petition, the petition affidavit and the bond.

The answer to the contest petition denied an averment that the petitioners were "registered electors of Birmingham Township, Chester County, Pennsylvania, who voted at the Municipal Election held in said Township on Tuesday, November 5, 1957"; therefore, the petitioners called the Chief Registrar of the Registration Office to prove this averment.[2]

The official records indicated that one "Dorothy A. Wolter" was a registered elector of Birmingham Township and that she had voted at the municipal election therein. There was no record of the registration or of voting at said election by a person named "Dorothy

---

[1] Act of June 3, 1937, P. L. 1333, Art. XVII, §1756, et seq., 25 PS §3456, et seq.

[2] Section 1757 of the Election Code, supra, 25 PS §3457 requires that petitioners "shall be registered electors who voted at the primary or election . . . contested" and that the petition affidavit shall be signed by five of the petitioners. Section 1759 of the Election Code, supra, 25 PS §3459 provides that the bond shall be signed by "at least five of the . . . petitioners . . . with two or more individual sureties or a corporate surety . . ."

Wolter". Petitioners then moved to amend the petition and affidavit to show that petitioner and affiant "Dorothy Wolter" was one and the same person as "Dorothy A. Wolter" and to be permitted to produce evidence in proof thereof. Over appellee's objection to both the motion to amend and the offer of evidence, testimony was taken which clearly identified "Dorothy Wolter" as the "Dorothy A. Wolter" who appeared both on the registration and voting lists, proved that there was no other person residing in Birmingham Township known by either of said names and that the signature on the permanent registration card and on the list of those who voted at the municipal election was that of "Dorothy Wolter", although she signed on both occasions "Dorothy A. Wolter".

Subsequent to the hearing appellee filed a motion to dismiss the election contest on the ground that "Dorothy Wolter", a petition affiant and a principal on the bond, was not a "registered elector" of Birmingham Township. The court below dismissed the election petition on the ground that neither the petition, nor the affidavit, nor the bond could be amended and that oral evidence in proof of the identity of "Dorothy Wolter" as "Dorothy A. Wolter" was inadmissible. From that order this appeal was taken.

The rationale of the action of the court below was that Section 1756 of the Election Code, supra, limited amendments to "additional specifications of complaint" and, since "Dorothy Wolter's" status as a "registered elector" involved a jurisdictional fact, an amendment could not be allowed, the statutory time having expired. Reliance was placed on *Williams v. Johnson*, 16 W.N.C. 223 and *Blythe Township School Director's Contested Election*, 10 D. & C. 810. In our opinion an amendment was unnecessary and both the *Williams* and *Blythe* cases are inapposite.

The petition, the affidavit thereto, and the bond all appeared to sufficiently and completely comply with the requirements of the Election Code. Any doubt concerning non-compliance with the Code arose only as the result of the introduction of the Chief Registrar's testimony admitted by the court below without objection.

An amendment either to the petition, the affidavit or the bond would have been necessary only if and when it appeared that either or all of them were defective or failed to comply with the statutory requirements. The sole question before the court was whether there was a defect in the petition, the bond or the affidavit. The determination of that question rested upon the status of "Dorothy Wolter" as a "registered elector" of Birmingham Township. The oral evidence rejected by the court was simply to show that "Dorothy Wolter" was a "registered elector" and that, in that respect, the petition, affidavit and bond were not defective. The rejection of such evidence was erroneous.

An examination of the record, including the oral evidence which should have been admitted, clearly and convincingly demonstrates that "Dorothy Wolter" and "Dorothy A. Wolter" were one and the same person. "Dorothy Wolter" who signed the petition, the affidavit and the bond was "Dorothy A. Wolter" who signed the permanent registration card and the voting list at the contested election. Nothing in the Election Code nor in the Permanent Registration Act[3] proscribes the reception of the oral evidence herein presented nor requires the exactitude compelled by the result reached in the court below.[4]

---

[3] Act of 1937, P. L. 487, 25 PS 951.

[4] Under the ruling of the court below had "Dorothy A. Wolter" used the name on the petition, affidavit or bond as "Mrs. Dorothy A. Wolter" would she not be disqualified as a "registered elector"?

An election contest is a method to insure the honesty and validity of elections. While the statutory requirements must be followed, mere technicalities should never thwart the inherent and basic purpose of a proceeding to test the validity of an election.

Order reversed. Costs to abide the event.

---

In *Bratton v. Seymour*, 4 Watt's Reports 329, 330 it was said: "An initial letter interposed betwixt the Christian and surname is no part of either. Franklin v. Talmadge, 5 Johns 84. It is evidently no part of the surname, for it is supposed to be the exponent of an appellative received in baptism; and it is no part of the Christian name, for no person can have more than one Christian name. Rex v. Newman, 1 Lord Raym. 562."