## Bristol Township Election Contest

*Robert A. Godwin*, for contestant.
*Donald R. Price*, for respondent.

RUFE, *J.*, August 20, 1975—In this election contest matter petitioner fell four votes short of respondent winner of the Democratic primary for 5th ward commissioner in Bristol Township. Petitioner filed a timely election contest petition and a hearing thereon was fixed. At the hearing, which served also as the return date for the petition, respondent moved to have the petition dismissed for lack of jurisdiction because petitioner failed to post a bond as required by the Election Code. Hence, the sole question presently before the court is whether or not the petition must be dismissed for failure to post a bond.

Petitioner acknowledges that no bond has been posted, and the record discloses that no request was made of the court to set the amount of the bond. Nevertheless, petitioner argues that the court has the duty to designate the amount of the bond and, having failed to so designate an amount (in the absence of a request), no bond is required. We reject this contention and find that the petition must be dismissed.

Section 1759 of the Election Code of June 3, 1937, P.L. 1333, 25 P.S. §3459, provides as follows:

"Whenever a petition to contest nomination or contest election of any class shall be presented to the General Assembly or to the court, *it shall be the duty of said petitioners*, within five days thereafter, to file a bond, signed by at least five of the said petitioners in such sum as the presiding officer of the Senate or said court, or any judge thereof during vacation, shall designate, with two or more individual sureties or a corporate surety to be approved by the said officer or court or judge, conditioned for the payment of all costs which may accrue in said contested nomination or election proceeding, in

case the said petitioners by decree shall be adjudged liable to pay said costs, *and if the said bond shall not be filed, as herein provided, the said petition to contest the nomination or election shall be dismissed.*" (Emphasis supplied.)

Quite obviously, the burden is placed clearly and squarely on petitioner to file a bond to guarantee the anticipated costs of the proceeding. In this case petitioner argues that he is relieved of this requirement because the court did not "designate" the amount of the bond. Petitioner makes this argument notwithstanding his election contest petition did not request the amount of such a bond be set, nor did he file an independent petition requesting such bond be designated. In addition, the record discloses no attempt whatsoever by petitioner to file any bond in any amount as required by the above quoted section.

Petitioner cites Golden's Contested Election, 23 Dist. R. 976, 15 Lack. 22 (1914), in support of his contention. In that case the petition was filed under a similar ten-day requirement in the prior election law on December 3, 1913, and on December 18, 1913, the court entered an order adjudging the petition to be sufficient, fixing a hearing thereon, and setting bond in the amount of $2500 "within ten days from the date of the order of the court." The bond was filed on December 27, 1913. The court there permitted the filing of the bond after the statutory ten-day period because the requested bond amount was not set by the court until 15 days after the petition was filed as a result of the court's deliberation upon the petition, and the order fixing the amount of the bond specifically granted 10 days from the date of the order within which to file the bond, which was complied with. This is vastly dif-

ferent from the present case in which the petition was filed and acted upon by the court immediately thereafter, but in which petitioner neglected to request that the amount of the bond be set and did not provide the court with any information regarding the probable costs so that a proper bond could be set. The court may well have anticipated that petitioner intended to file a separate bond petition setting forth facts concerning the contemplated proceedings from which the court could determine the appropriate costs amount to be secured by the bond. As stated before, such a bond petition was not filed either.

Counsel has not referred us to any case, nor has the court discovered any case subsequent to Golden that has extended the time for filing the required bond. If anything, the courts have become more stringent concerning the bond requirement.

Petition of Mohn, 21 Bucks 424 (1971), is a remarkably similar case in which petitioner neglected to request the setting of a bond amount, but in which petitioner did post $50 with the prothonotary on the date the petition was filed. Judge Monroe, in that opinion, reviewed most of the Pennsylvania cases on the subject and held that the $50 cash deposit was insufficient compliance with the law and that the court was without jurisdiction to even hear the case because of that "quite substantial defect."

The court in that case also cited In re Philadelphia Municipal Election, 80 D. & C. 477 (1952), in which $500 was filed with the prothonotary, but no bond amount was requested, set or filed and, accordingly, the court had no jurisdiction over the matter.

In McChesney's Contested Election, 326 Pa. 438, 192 Atl. 415 (1937), and Moritz's Contested Elec-

tion, 256 Pa. 537, 100 Atl. 1033 (1917), earlier cases under the same prior law that Golden, supra, was decided, the Supreme Court held that a defective bond could not be cured after the required filing period, even if the purported document was timely filed and contained a relatively minor defect, i.e., an inadvertent missing seal in Moritz; and a petitioner who also improperly signed as one of the five sureties in McChesney. We believe that both of these Supreme Court cases effectively overrule Golden's Contested Election, supra, the county court case relied upon by petitioner. Accordingly, we conclude that we have no jurisdiction to hear or consider the present matter because of petitioner's failure to comply with the statutory requirement to post a proper bond.

## ORDER

And now, August 20, 1975, the petition contesting the election of Joseph Marks as the Democratic candidate for Bristol Township 5th ward commissioner is hereby dismissed.