## Bayuk v. Bucks County Board of Elections

*Clyde W. Waite,* for petitioner.
*Thomas J. Profy,* for respondent.
*Peter A. Glascott,* for Bucks County.

RUFE, *J.*, December 20, 1977—In this election contest case the prime petitioner, Robert Bayuk, was declared the winner as Township Supervisor for Lower Southampton Township on election night, but by virtue of alleged irregularities, his opponent Harry Zambelli was found to be the winner by one vote when the official recount was performed three days later by the county board of elections.

Mr. Bayuk's election contest petition was signed and verified by a total of six petitioners. Mr. Zambelli has filed a motion to quash the petition on the ground that an election dispute of the fifth class requires 20 petitioners. There is no dispute that this is an election dispute of the fifth class. Both sides have submitted briefs and the matter is now ripe for decision.

The applicable sections of the Election Code provide as follows:

"§3431. Jurisdiction

"Cases of the fifth class shall be tried and determined upon petition of twenty registered electors, as hereinafter provided, by the court of common pleas of the county in which such contested election was held.[1]

"§3456. Petition; time of filing; amendment

"The commencement of proceedings in the case of contests of the second, third, fourth and fifth classes shall be by petition, which shall be made and filed, as herein required, within twenty days after the day of the primary or election, as the case may be. The petition shall concisely set forth the cause of complaint, showing wherein it is claimed

---

1. June 3, 1937, P.L. 1333, art. XVII, sec. 1751, 25 P.S. §3431.

that the primary or election is illegal, and after filing *may be amended with leave of court, so as to include additional specifications of complaint.* After any such amendment, a reasonable time shall be given to the other party to answer.[2] (Emphasis supplied.)

"§3457. Petitioners and affidavits; requirements

"In each of the aforesaid second, third, fourth and fifth classes, the petitioners shall be registered electors who voted at the primary or election so contested. In cases of the third class, each petition shall be verified by the affidavits of at least ten of the petitioners; in the second, fourth and fifth classes, by the affidavit of at least five of the petitioners. Such affidavits shall be taken and subscribed before some person authorized by law to administer oaths, and shall set forth that they believe the facts stated therein are true, that according to the best of their knowledge and belief, the primary or election was illegal and the return thereof not correct, and that the petition to contest the same is made in good faith."[3]

It should be noted, parenthetically, that while there is a hiatus in the section numbers, the above cited sections appear consecutively in Purdon's Pennsylvania Statutes Annotated with section 3431 appearing on page 632 and section 3456 appearing on page 633 of Title 25.

Petitioner, Robert Bayuk, contends that the requirement for 20 petitioners is directory only and not mandatory and accordingly he should be per-

---

2. June 3, 1937, P.L. 1333, art. XVII, sec. 1756, 25 P.S. §3456.

3. June 3, 1937, P.L. 1333, art. XVII, sec. 1757, 25 P.S. §3457.

mitted to proceed to a hearing on the merits, notwithstanding this possible procedural defect; and if it is a procedural defect, it is merely technical, not substantive, and subject to amendment at any time; and in the alternative, we should take judicial notice that 33 qualified electors in the township in question served as petitioners in related cases to require the opening and recanvassing of certain machines in the township, and we should somehow substitute those 33 electors as additional petitioners in this case.

Respondent, Harry Zambelli, contends that the requirement for 20 petitioners is jurisdictional, and, therefore, not capable of amendment, and the time for the filing of a substitute petition being passed, we have no alternative but to dismiss the petition.

The difference between a jurisdictional question, not capable of amendment versus a matter of detail or specification which should be liberally amended was laid to rest by our Supreme Court in Dunmore Borough's Election, 264 Pa. 231, 107 Atl. 725 (1919), wherein the court followed and adopted the opinion of the lower court reported as Contested Election for Office of Borough Councilman, 19 Lack. Jur. 224 (1918). In that case 25 petitioners, five affidavit signers and five bond signers were required. There were 31 petitioners, six affiants and five bond signers, but the court determined that two of the affidavit signers were not qualified electors, and accordingly, quashed the petition. Petitioners there sought to substitute additional affiants after the time for filing such petitions had expired, which was denied because of the jurisdictional nature of the question. The court in that case stated at 225-226:

"There are certain requirements in contested election pleadings which touch the jurisdiction of the court, and others which do not. That at least twenty-five[4] qualified electors must sign the petition is one; that at least five of the petitioners must subscribe to the affidavit is another; and that at least five of the petitioners must sign the bond is a third . . . There are very numerous cases which fairly establish the proposition that an amendment to cure a jurisdictional defect in the original petition will not be allowed after the expiration of the thirty days[4] for filing the petition; but that amendments tending to establish the subject matter of the complaint should be liberally allowed. When the petition is such as to give the court jurisdiction, within the proper period, such amendments may be made as to matters of detail or specification during the progress of the case as may be necessary to its proper disposition upon the merits. Whatever has been said by our appellate courts as to the liberality with which amendments should be allowed in contested election cases, it must be understood that amendments which affect the jurisdiction of the court can not be allowed after the expiration of the statutory period of thirty days."

Nor can petitioners find solace in the fact that the Dunmore decision was based on the old law, long since repealed, for the requirements there, as pointed out in the above-quoted language from the opinion, were virtually identical to those in the present statutes, there being only slight differences in numbers of petitioners and days within which to file the petition.

---

4. As required by the law then in effect, Act of May 19, 1874, P.L. 208, sec. 18.

Finally, the cases the petitioner relies on so heavily: Birmingham Township Election Contest Case, 393 Pa. 396, 143 A. 2d 18 (1958), and Wallingford-Swarthmore School District Election, 66 D. & C. 2d 616 (1974), are of little assistance to petitioner for neither apparently involved a jurisdictional question similar to the one in the present case. In the Birmingham case the court held that the signing of a bond by an elector without the middle initial as shown on the election rolls was not a jurisdictional defect and did not even require an amendment; and in the Wallingford case the court does not even tell us what the preliminary objection in the nature of a motion to quash was addressed to, but we must presume that it was not jurisdictional in nature.

Petitioner's final argument, that we should adopt the 33 petitioners in other related cases involving opening certain voting machines in the same township election as substitute petitioners in this case, has apparently been abandoned, for no mention is made of it in his brief, and with obvious good reason.