## In re Philadelphia Municipal Election

Before Milner and Mawhinney, JJ.

*Harold B. Lipsius, Raymond J. Broderick* and *G. A. Wilderman,* for petitioners.

PER CURIAM, February 13, 1952.—In this case a petition was filed for a rule to show cause why an election contest should not be allowed and heard in regard to the Municipal Election of November 6, 1951, for the office of magistrate in the City of Philadelphia. The rule was allowed and upon motion of respondents was quashed for want of jurisdiction. Exceptions having been filed on behalf of petitioners, they were heard by the court en banc as if the matter had come on before it for reargument. The exceptions refer to the same points which were raised at the original argument on the petition and are disposed of in the per curiam opinion filed by this court on December 13, 1951. We may point out that the Election Code of June 3, 1937, P. L. 1333, art. XVII, sec. 1759, 25 PS §3459, clearly provides for the filing of a bond signed by at least five of petitioners, with two or more individual sureties or a corporate surety; that the bond be approved by the court or a judge thereof and that it be conditioned for the payment of all costs which may accrue in such contested election proceeding in case petitioners by decree shall be adjudged liable to pay the costs. In this case no such bond was filed. We do not have here any bond conditioned as above set forth or signed by five of the petitioners with two or more individual sureties or a corporate surety. We need not consider the wisdom of the legislature in requiring five elector-signators to a bond in order to justify the initiation of an election contest. It is sufficient, for our purposes, that the legislature has so required. All we have here is a bare deposit of $500 with the prothonotary. No bond was filed. This was not a compliance with the Election Code, nor even

with the Act of April 22, 1909, P. L. 115, sec. 1, 12 PS §561, which petitioner relies upon; which act, although it permits the filing of cash in an amount approved by the court in lieu of security, still requires the parties to file *their own bond*. The Act of 1909 provides:

". . . said deposit (i. e., the deposit of cash) shall be sufficient surety to entitle said party or parties, *upon the filing of his or their own bond or bonds*, to the benefit of the action, (etc.) . . ." (Italics supplied.)

There is nothing in the record whatsoever to indicate the condition under which the $500 deposit in the hands of the prothonotary is to be charged with the costs of the proceedings, etc. As was stated in our per curiam opinion of December 13, 1951, the law is clear that where a bond is not properly filed the court has no jurisdiction in the matter. (See cases cited in said opinion.) In Moritz's Contested Election, 256 Pa. 537, 541, the court said,

"We must assume that the legislature in prescribing a bond as a condition in such proceeding had in mind those characteristics which distinguish bonds from other acknowledgments of indebtedness or liability, as well the separate legal incidents which attached to each. A bond is a deed, and what makes it a deed is the fact that it is sealed by the obligor. Except as sealed it is not a bond. In this State we have never abated one jot in our strict observance of this distinction." In Miller Election Contest Case, 351 Pa. 469, the court said that compliance with the Election Code must be had to effect a proper use of the remedy thus provided and that "Particularly is this true with regard to a proper bond."

The record here shows not only that there was no bond as specified in the Election Code filed, but that no bond of any kind was filed. The Election Code

(section 1759, supra) provides that "if the said bond shall not be filed, as herein provided, the said petition to contest the nomination or election shall be dismissed."

We therefore dismiss petitioners' exceptions to our order of December 13, 1951, and the petition to contest the Municipal Election of November 6, 1951, for the office of magistrate in the City of Philadelphia is dismissed and our order of December 13, 1951, in this matter is approved and confirmed.

NOTE.—In the opinion dated December 13, 1951, mentioned in the foregoing opinion, the court ruled, inter alia, that where no bond is filed or the bond does not conform to the requirements of the Election Code, there is no right upon the part of petitioner for an election contest to cure such defect after the expiration of the period prescribed in the code for the filing of the bond, viz., within five days after the filing of the petition for an election contest. The court cited McChesney's Contested Election, 326 Pa. 438; Moritz's Contested Election, 256 Pa. 537, and other cases.