636 A.2d 172

Nancy BLEAM, Appellant,

v.

GATEWAY PROFESSIONAL CENTER ASSOCIATES
D/B/A and A/K/A Gateway Professional Center
and Allen Nursery Products.

Superior Court of Pennsylvania.

Argued July 1, 1993.

Filed Dec. 3, 1993.

Reargument Denied Feb. 11, 1994.

Joseph P. Maher, Allentown, for appellant.

Gary A. Brienza, Allentown, for appellee Gateway Professional Center.

Before DEL SOLE, BECK and HESTER, JJ.

BECK, Judge.

In this case we decide that a lessor-possessor of land may be held liable to a lessee for injuries caused by a dangerous condition upon a part of the land over which the lessor has retained control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved, and made the condition safe. Because there were disputed material facts on this issue, we reverse the trial court's order granting summary judgment in favor of the landowner.

Appellant Nancy Bleam slipped and fell in the parking lot of the building in which she leased office space. Appellee Gateway Professional Center Associates ("Gateway") owned the building. Sometime after the "slip and fall" incident, Bleam filed a complaint against Gateway alleging that she was injured in the fall and demanding damages on account of Gateway's negligent maintenance of the parking lot. Gateway moved for summary judgment which the trial court granted; this timely appeal ensued. We reverse.

The trial court set forth the relevant facts in its opinion: Sometime in the morning of December 30, 1987, plaintiff arrived at defendant's property in order to conduct her business. As she drove onto the defendant's parking lot, she observed that, due to a freezing rainstorm earlier that morning, much if not all of the entire parking lot was

covered with a sheet of ice. Moreover, there were certain patches of snow/ice from a previous snowstorm which had not been totally removed by the defendant. Although there were approximately 150 parking spaces for plaintiff to choose from, she selected one of the parking spots that had the old snow/ice remaining. Plaintiff then went into her office in the defendant's building and sometime later departed for lunch with an acquaintance. As she got to the driver's door of her car, after having taken two steps on this accumulation of old snow/ice, she fell injuring herself.

Trial court opinion at 2.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.Civ.P. 1035(b). *See Denlinger, Inc. v. Dendler,* 415 Pa.Super. 164, 608 A.2d 1061 (1992). In making this determination, we must view the record in a light most favorable to the non-moving party, accepting as true all well-pleaded facts and all reasonable inferences that can be drawn therefrom. *Id.* Any doubt regarding the existence of a genuine issue of material fact must be resolved in favor of the non-moving party. *Id. See also Ott v. Unclaimed Freight Co.,* 395 Pa.Super. 483, 577 A.2d 894 (1990).

In support of its motion for summary judgment, Gateway filed a copy of the transcript of Bleam's deposition testimony. The deposition unambiguously demonstrated that Bleam was aware of the icy condition of the space in which she parked.[1] In opposition to Gateway's motion, Bleam filed the transcript of a deposition taken of Dr. Robert Laurenzano, one of two general partners of Gateway. Dr. Laurenzano testified that Gateway has always been responsible for snow and ice remov-

---

1. Bleam also testified that she parked on the lower part of an inclined portion of the lot because she was afraid that if she tried to drive up the icy slope she may have trouble trying to leave later. Although she testified that the entire lot was not covered with "snow/ice" patches, there was no testimony directly establishing that there were spaces in the lower part of the lot that did not have such hazards.

al in the parking lot, and that the tenants depend upon Gateway for that service. He additionally testified that he was aware of the icy condition of the lot on the day of Bleam's fall and that the company with which Gateway had contracted for snow removal at that time did not perform the job to his satisfaction.

We must first determine the law of the Commonwealth that pertains to Gateway's potential liability. Only then will we be able to review the trial court's conclusion that there are no genuine issues of material fact and that Gateway is entitled to judgment as a matter of law.

Pennsylvania courts repeatedly have recognized the validity of the principles set forth in Restatement (Second) of Torts §§ 355–362 governing the liability of lessors to persons who enter upon that land. *See Leary v. Lawrence Sales Corp.*, 442 Pa. 389, 275 A.2d 32 (1971); *Deeter v. Dull*, 420 Pa.Super. 576, 617 A.2d 336 (1992); *Kobylinski v. Hipps*, 359 Pa.Super. 549, 519 A.2d 488 (1986). Section 360 in particular responds to situations in which a person is injured in an area the control of which has been retained by the lessor.

### § 360. Parts of Land Retained in Lessor's Control Which Lessee is Entitled to Use

A possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe.

Restatement (Second) of Torts § 360 (1965).

The trial court, however, relied instead upon sections 342, 343 and 343A of the Restatement, which govern the duty of possessors of land *generally*.[2] The trial court's application of

2. These sections provide as follows:

§§ 342, 343 and 343A led to its conclusion that, regardless of her status as a licensee or invitee, Bleam's admission that she was aware of the ice on the ground where she parked precluded recovery against Gateway. We find that reliance upon these sections was erroneous, given the more specific applicability of § 360.[3]

While we find no precedential case that is directly on point with the facts of this appeal, we are guided by the principles

§ 342 **Dangerous Conditions Known to Possessor**
A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,
(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
(c) the licensees do not know or have reason to know of the condition and the risk involved.

§ 343 **Dangerous Conditions Known to or Discoverable by Possessor**
A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
(c) fails to exercise reasonable care to protect them against the danger.

§ 343A **Known or Obvious Dangers**
(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness. . . .

Restatement (Second) of Torts §§ 342, 343, and 343A. The term "invitee" or, more specifically, "business visitor" is defined as "a person who is invited to enter or remain on land for a purpose directly connected with business dealings with the possessor of land." *Id.* at § 322(3). A "licensee" is "a person who is privileged to enter or remain in land only by virtue of the possessor's consent." § 330.

**3.** It is a well-accepted rule of construction that when two provisions concern the same or similar matters, if the more general provision is in conflict with the more specific one, the specific provision must prevail. *See* 1 Pa.Cons.Stat.Ann. § 1933 (Purdon's 1993). *See also Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980); *Olshansky v. Montgomery County Election Bd.*, 488 Pa. 365, 412 A.2d 552 (1980); *Com. v. Smith*, 375 Pa.Super. 419, 544 A.2d 991 (1988).

espoused in *Kobylinski, supra.*[4] There, plaintiff sued on behalf of the decedent, who died when he fell down an exterior stairwell upon arriving as a guest at defendant Hipps's house. Hipps leased the house from its owner, co-defendant Schmidt. At trial, the jury rendered a verdict in favor of plaintiff, for which the lessor, Schmidt, was found to be 75% liable. Schmidt moved for judgment n.o.v. which was denied; following the entry of judgment against him, Schmidt appealed.

On appeal, lessor Schmidt claimed that the trial court erred by failing to fully instruct the jury with regard to a landlord's duty to persons who enter upon his property. The trial court had told the jury that "[a] landlord may be liable for bodily harm sustained by a third party as a result of a defect or dangerous condition existing at the time of the lease." *Kobylinski, supra,* 359 Pa.Super. at 553, 519 A.2d at 490. Schmidt contended, and a panel of this court agreed, that the instruction was insufficient and misleading. The Court noted that in fact, the general rule in Pennsylvania is that a landlord out of possession is not responsible for injuries suffered on the leased premises. *Id.* at 554, 519 A.2d at 491 (citing *Pierce v. Philadelphia Housing Authority,* 337 Pa.Super. 254, 257, 486 A.2d 1004, 1005 (1985)).

This court went on to explain that numerous exceptions to the general rule exist, in which liability does attach to a landlord out of possession. One such situation is where "the landlord has retained control over a portion of the property which is necessary to the safe use of the leased property; or, if the lessor shares with the lessee the right to possess any section of the property." *Kobylinski, supra* (citing generally Restatement (Second) of Torts §§ 356–362). The Court con-

4. We do not find *Carrender v. Fitterer,* 503 Pa. 178, 469 A.2d 120 (1983), to be apposite. Plaintiff Ruth Carrender, a patient/invitee of the defendant-landowners, slipped and fell on a patch of ice in defendants' chiropractic clinic parking lot. In *Carrender,* there was no lessor/lessee relationship between the plaintiff and the landowner, and therefore, § 360 of the Restatement was not involved. Instead, the supreme court correctly applied § 343A to hold that the possessors of land did not owe their patient, an invitee, a duty to warn or take precautions against the known or obvious danger of icy parking lot conditions. Section 343A is not applicable here.

cluded that judgment n.o.v. should have been granted in lessor Schmidt's favor because the property was leased as a private dwelling and no part of it remained under Schmidt's control.

Lessor Schmidt also contended that the trial court erred when it instructed the jury that Restatement (Second) of Torts § 343, governing a possessor's duty to an invitee, provided the standard for determining both defendants' duties to the decedent. This Court held that the trial court erred in relying upon § 343 for either defendant. First, with respect to Hipps (the lessee), decedent was a licensee, not an invitee, and therefore § 343 was inapplicable. Moreover, the court stated that Schmidt, as a landowner out of possession, could not be placed on the same legal footing as Hipps, the actual possessor of the land. Thus, analysis of Schmidt's duty pursuant to § 343, as opposed to § 360, was inappropriate. *Id.* 359 Pa.Super. at 549, 519 A.2d at 493.

In accordance with *Kobylinski,* we find that the trial court erroneously looked to the general Restatement sections concerning possessors of land, rather than the specific provisions that outline the potential liability of a landowner-lessor to its tenant. Applying § 360 to the evidence presented by both parties in support of and opposition to Gateway's motion for summary judgment, we find that Gateway could be liable to Bleam despite her recognition of the risk involved in parking near ice and snow.

Comment b following § 360 addresses this exact issue:

The rule stated in this Section may also apply even though the person injured, whether he be the lessee himself or a third person, has knowledge of the existence of the dangerous condition. His knowledge may put him in contributory fault[,] ... [b]ut unless the danger is so apparent and so great that it is unreasonable for him to encounter it in view of the purpose of his use, or unless knowing the danger he fails to exercise that caution which a reasonable man would exercise under the same circumstances, the

lessor remains liable to him notwithstanding his knowledge of the existence of the condition.

Restatement of Torts (Second) § 360, comment b.

We do not suggest that Bleam was entitled to summary judgment, but rather that there remain genuine issues of material fact which need to be resolved before a judgment in favor of either party properly can be rendered. Therefore, we find that the trial court erred as a matter of law.

Order reversed. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

DEL SOLE, J., files a Dissenting Statement.

DEL SOLE, Judge, dissenting.

I believe that *Carrender v. Fitterer*, 503 Pa. 178, 469 A.2d 120 (1983), is directly on point. It makes no sense to deny recovery to a business invitee who is not a tenant yet grant recovery to a tenant under the same facts. Unless the Supreme Court reverses *Carrender, supra*, it should be applied equally. Therefore, I dissent.