**Bosco v. Joseph**

C.P. of Lehigh County, no. 1998-C-3052.

*Dennis J. Gruenke,* for plaintiff.
*Kevin J. Maginnis,* for defendant.

GARDNER, *P.J.,* September 6, 2000—This matter is before the court on the motion for summary judgment of defendant Daniel Joseph, filed February 29, 2000. Upon conclusion of oral argument, in open court, on the record, and in the presence of counsel for the parties, we dictated the within bench opinion.

Based upon the record, including depositions, pleadings, admissions and agreements of counsel at closing argument, the pertinent facts are as follows:

This is an action for personal injury, brought by plaintiff Bonne Bosco, who was a residential tenant in a building owned by defendant Daniel Joseph, at 618 North Nineteenth Street in Allentown, Lehigh County, Pennsylvania. Plaintiff resided on the second floor of the building.

Defendant landlord lived approximately three miles from the building. However, he maintained a real estate office on the first floor of the building. Certain common areas shared by landlord and tenant included a front porch and eight steps separated by a small landing between the top four and bottom four steps.

Between 9 and 9:15 o'clock a.m. on the morning of January 2, 1997, plaintiff was exiting the building and descending the stairs from the front porch to the front sidewalk. As plaintiff descended the first step, she slipped and fell on an accumulation of one one-hundredths of an inch of smooth ice which resulted from a freezing rain which fell during the late evening hours of January 1 and the early morning hours of January 2, 1997. She fell down the next two steps and landed on the small landing. The ice was very thin and uniform and there was no snow.

Generally slippery conditions existed in the Allentown area during the morning of January 2, 1997.

As the result of her fall, plaintiff sustained personal injuries for which she seeks to recover damages in this lawsuit.

Summary judgment is properly entered where the pleadings, depositions, answers to interrogatories and admissions, together with affidavits demonstrate that no genuine triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. *Smitley*

*v. Holiday Rambler Corp.*, 707 A.2d 520, 525 (Pa. Super. 1998). The burden rests squarely on the moving party to prove that no genuine issue of material fact exists. *Id.* However, an adverse party is required to identify in the response to the summary judgment motion "evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having produced." *Eddy v. Hamaty,* 694 A.2d 639, 643 (Pa. Super. 1997) citing Pa.R.C.P. 1035.3.

In reviewing a motion for summary judgment, the record is examined in the light most favorable to the non-moving party. *Long v. Yingling,* 700 A.2d 508, 512 (Pa. Super. 1997). Moreover, summary judgment should be granted only in cases that are free and clear from doubt. *Hoffman v. Brandywine Hospital,* 443 Pa. Super. 245, 250, 661 A.2d 397, 399 (1995).

Defendant contends that he is entitled to summary judgment under the hills and ridges doctrine. This doctrine discussed in more detail below, provides that unless the snow or ice had accumulated in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians, the property owner has no duty to remove the ice or snow.

Plaintiff contends that the hills and ridges doctrine does not apply to a landlord-tenant case under the law of Pennsylvania. Rather, plaintiff contends that defendant is subject to a higher standard of care under Restatement (Second) of Torts §360 (discussed in detail below). Plaintiff contends that this is so because under section 360 the landlord is liable for any physical injury a tenant has suffered as a result of a dangerous condition on the landlord's property, if the landlord knew or should have known about the condition in time to fix it.

According to plaintiff, this higher standard replaces and removes from this case the hills and ridges doctrine and defense, which is not available to a landlord. Accordingly, a landlord, unlike another type of owner, may be liable to a tenant who slips and falls on slick ice, although there are no hills and ridges present, even though defendant may not be liable to others under the hills and ridges doctrine.

We agree with plaintiff that section 360 of the Restatement obligates the landlord to a higher standard of care and that the hills and ridges doctrine is not available to the landlord as a defense where tenant is injured by falling on slick ice on the common areas of the landlord's property.

Section 360 of the Restatement (Second) of Torts provides as follows:

"Section 360. Parts of Land Retained in Lessor's Control which Lessee is Entitled to Use

"(A) A possessor of land who leases a part thereof and retains in his control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon the part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe."

Under this section a landlord is liable for any physical harm caused to a tenant by a dangerous condition upon that part of the land retained in the landlord's control if the landlord, by the exercise of reasonable care, could

have discovered the condition and could have made the condition safe.

Accordingly, if the landlord knew or should have known that a film of slick ice was present on the steps and that it created a dangerous condition, and the landlord had sufficient time to make the condition safe (for example, by removing the ice or salting the steps), the landlord is liable to the tenant for any injuries she sustained in falling down the steps, despite the fact that there were no hills and ridges on the steps.

Section 360 of the Restatement (Second) of Torts was adopted as the law of Pennsylvania in *Leary v. Lawrence Sales Corporation,* 442 Pa. 389, 275 A.2d 32 (1971) and in other cases cited in plaintiff's brief.

In their briefs and at oral argument, counsel each contended that this issue was one of first impression in the Commonwealth and neither party cited any Pennsylvania trial or appellate cases discussing whether the hills and ridges doctrine applies to a landlord-tenant situation.

Defendant cites *Morin v. Traveler's Rest Motel Inc.,* 704 A.2d 1085 (Pa. Super. 1997) for the proposition that the hills and ridges doctrine is applicable to a motel guest who was injured when she slipped on ice which had accumulated in the parking lot as a result of freezing precipitation. Moreover, in *Wentz v. Pennswood Apartments,* 359 Pa. Super. 1, 518 A.2d 314 (1986), the hills and ridges doctrine was applied to a business invitee who sustained a fall on ice in a restaurant parking lot. However, neither counsel cited any appellate cases involving application of the hills and ridges doctrine to a landlord and tenant case, nor is the court aware of any.

However, the matter was addressed by the Court of Common Pleas of Philadelphia in *Giletti v. Jamouneau,* (Philadelphia Court of Common Pleas December term 1994, no. 840, May 12, 1999, Halbert, J.). There Judge Halbert ruled that the hills and ridges doctrine did not apply to a landlord-tenant situation. The reason, in part, was that Restatement section 360 was deemed to apply in *Bleam v. Gateway Professional Center Associates,* 431 Pa. Super. 145, 636 A.2d 172 (1993) after a tenant in a commercial rental sustained injuries as the result of a slip and fall on a snow or ice patch. The trial court's entry of summary judgment in *Bleam* was reversed by the Superior Court of Pennsylvania, which held that the standard articulated under section 360 took precedence over the more general provisions concerning invitees.

In *Giletti*, Judge Halbert ruled that an inference can be drawn based upon *Bleam* that Pennsylvania subscribes to the "Connecticut rule" otherwise referred to as the "modern rule" wherein a duty is imposed upon landlords to remove snow and ice which naturally falls and accumulates from the common areas of the property. By contrast, the "Connecticut rule," or majority rule is distinguished from the countervailing "Massachusetts rule," which holds that no such duty exists.

Accordingly, Judge Halbert holds that an inference can be drawn based upon *Bleam* that Pennsylvania subscribed to the "Connecticut rule," formulating an exception to the hills and ridges doctrine in the landlord-tenant context. As stated by Judge Halbert, "No valid grounds for barring recovery under the 'hills and ridges' doctrine can be advanced if the doctrine is deemed inapplicable in

the landlord-tenant context." We find the reasoning and analysis of Judge Halbert persuasive.

In the instant case, defense counsel conceded at oral argument (for purposes of this summary judgment motion only) that defendant had actual or constructive notice of the icy condition of the steps. Accordingly, defendant conceded that if the hills and ridges doctrine does not apply, then this case must go to a jury.

In addition, defendant owes plaintiff a higher duty than under the hills and ridges doctrine because defendant was a landlord in possession of the leased premises. A landlord out of possession is normally not liable for defective conditions on his property unless he knew or should have known of the condition. *Bleam,* 431 Pa. Super. at 150, 636 A.2d at 174.

However, in the within case, defendant is a landlord *in* possession. He occupies the first floor of the real estate leased to the defendant for his part-time real estate office. Therefore, defendant owes plaintiff a higher duty than that which would be owed by a landlord out of possession.

The basic elements of a cause of action in negligence are the existence of a duty, breach of that duty, a causal relationship between the breach and the injury complained of and actual loss or damage. *Ney v. Axelrod,* 723 A.2d 719, 721 (Pa. Super. 1999). Although these basic principles apply in landlord-tenant disputes, the duty of care imposed upon landlords varies depending on who claims to have been injured and the terms of the lease. For example, a landlord who rents an entire building to a tenant may be held to a lower standard of care

than a landlord who rents part of a building and maintains control over the remaining parts. Compare Restatement (Second) of Torts §358 with Restatement section 361; *Keck v. Doughman,* 392 Pa. Super. 127, 131-32, 572 A.2d 721, 727 (1990).

Even if the hills and ridges doctrine applies to a landlord and tenant case, there are disputes on material issues of fact present in the within matter which would render summary judgment appropriate.

Under the hills and ridges doctrine, in order to recover for a fall on an ice or snow covered sidewalk or walkway, a plaintiff must prove (1) that snow or ice had accumulated on the sidewalk or walkway in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians traveling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; and (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall. *Rinaldi v. Levine,* 406 Pa. 74, 78-79, 176 A.2d 623, 625-26 (1962); *Wentz,* 359 Pa. Super. at 5, 518 A.2d at 316.

The doctrine of hills and ridges provides that an owner or occupier of land is not liable for general slippery conditions, for to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere. Snow and ice upon a pavement create merely transient danger and the only duty upon the property owner is to act within a reasonable time after notice to remove it when it is in a dangerous condition. *Harmotta v. Bender,* 411 Pa. Super. 371, 379, 601 A.2d 837, 841 (1992).

Accordingly, even if the hills and ridges defense applies, there are questions of material fact which require resolution by a jury, thus rendering summary judgment inappropriate. These questions include whether or not the condition on the steps was dangerous. Even if it is determined that a film of slippery ice on a stairway is dangerous as a matter of law, a material issue of fact nevertheless remains concerning whether or not the defendant owner acted within a reasonable time to remove it.

In her deposition, plaintiff testified that defendant told her that he was in fact present at the property at 8 a.m. on the date of the accident, January 2, 1997. She also testified that the accident occurred at approximately 9:15 o'clock a.m. (See defendant's exhibit D, pp. 20-23 and defendant's exhibit G, pp. 15-16.) According to plaintiff, the defendant choose not to clean up the ice because the ice "usually melts by noon." (See defendant's exhibit D, pp. 69-70.)

Defendant recalled that freezing rain was coming down and that the ice had melted by midday. (See defendant's exhibit G, pp. 21-23.) Nevertheless, defendant did not salt the pavement or steps, no one from his business salted the pavement or steps, nor did anyone from his family salt the pavement or steps. (See defendant's exhibit G, pp. 23-24.) Accordingly, an issue of fact is raised concerning whether or not defendant acted within a reasonable period of time to remove the ice. This dispute must be resolved by a jury even if the hills and ridges doctrine applies to this case. Therefore, summary judgment is inappropriate.

Finally, defendant landlord may have assumed a duty greater than that provided under the hills and ridges doc-

trine by agreeing to certain conditions in the lease for this premise. See *Keck v. Doughman, supra.*

The lease in this case was dated December 10, 1996 and is attached as exhibit Joseph 2 to the deposition transcript of Daniel Joseph dated January 7, 2000. Paragraph 11 of the lease provides, "(11) Utilities and Services (A) Landlord will pay for . . . snow removal . . . ." In addition, paragraph 17 of the lease provides," (17) Landlord Will Maintain Property (A) Landlord will keep the property and common areas in reasonable condition and as required by law. (B) Landlord will keep all structural parts of the property in good working order, including steps. . . ." These duties, assumed by the landlord in the lease, require him to keep the steps of the property in reasonable condition and in good working order and to pay for snow removal. An issue of fact is thereby raised concerning whether or not the defendant landlord has complied with these contractual duties. These disputes must, as well, be resolved by the jury. And therefore summary judgment is inappropriate.

For all the foregoing reasons, we deny defendant's motion for summary judgment.

ORDER

Now, September 6, 2000, upon consideration of the motion for summary judgment of defendant Daniel Joseph, filed February 29, 2000; upon consideration of plaintiff's response to defendant's motion for summary judgment, filed March 14, 2000; upon consideration of the briefs of the parties; after oral argument held this date; and for the reasons expressed in the accompanying bench opinion, it is ordered that the motion for summary judgment is denied.